ARLINGTON N. KLINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34444.   Promulgated March 14, 1930.

*E. C. Baker, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SEAWELL: In this case the record is very brief and the facts are few.

It is admitted in the answer that the petitioner's books were kept on the accrual basis and, having been so kept, it is contended on behalf of the petitioner that the rebate or discount of $14,780.85 allowed the petitioner by the Studebaker Corporation on the amount of purchases of cars during 1923 and received and entered on his books in January, 1924, was not income for 1924, but income for 1923, when he claims it accrued to him.

The contract of petitioner with the Studebaker Corporation is not in evidence.

No testimony whatever is adduced in support of petitioner's contention, denied by respondent, that through the inaccuracy of petitioner's bookkeeper the rebate item of $14,780.85 was included in the income of the year 1924, when it was received, rather than in the year 1923, when it is alleged it accrued to him.

It is true, as asserted by the petitioner, that taxpayers keeping their books on the accrual basis should report items of income in the year in which they accrue, regardless of the time when received.

From the deficiency letter of the Commissioner, which the petitioner filed as an exhibit to his petition, it appears that in years prior to 1924 he reported rebates similar to the present on his tax returns and the same were accepted on the basis so reported.

The petitioner, having submitted, and had accepted by the Commissioner, such tax returns for a number of years prior to 1924, should not now, for the year 1924, be permitted to take advantage of what he claims was an error but denied by the respondent, in the absence of clear and convincing proof of the correctness of petitioner's contention, and he adduces no proof.

The determination of the Commissioner is presumed to be correct until the contrary is shown. *Max Schott*, 5 B. T. A. 79.

The burden of proof is on the taxpayer. *Bonta Narragansett Realty Corporation*, 1 B. T. A. 208; *Pleasant Valley Ranch Co.*, 2 B. T. A. 335; *Helen Pitts Parker et al.*, 14 B. T. A. 1185.

In the circumstances of this case and the lack of evidence to sustain the petitioner's contention, the action of the Commissioner is approved.

*Judgment will be entered for the respondent.*